IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | CASE NO.: 5:22CR115 |
|---|---|---|
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| ANDREW F. DODSON, | ) | GOVERNMENT'S MOTION IN LIMINE |
| Defendant. | ) | |

The United States of America, by and through counsel, Michelle M. Baeppler, First Assistant United States Attorney, and Brian S. Deckert, Assistant United States Attorney, hereby requests this Honorable Court grant its motion *in limine* regarding certain information for the reasons set forth in the attached brief in support, attached hereto, as if fully restated herein.

Respectfully submitted,

Michelle M. Baeppler
First Assistant United States Attorney

/s/ Brian S. Deckert
Brian S. Deckert (OH: 0071220)
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3873
(216) 685-2378 (facsimile)
Brian.Deckert@usdoj.gov

## BRIEF IN SUPPORT

I. **FACTUAL BACKGROUND**

In preparation for trial, the government obtained past police reports involving the Defendant and Victim #1 from the time they were dating and/or living together in Cuyahoga Falls, Ohio. There are approximately thirty (30) police reports from Cuyahoga Falls Police Department involving the Defendant and Victim #1. The reports generally can be broken down into the following five (5) categories:

- Victim #1 reporting to the police about the Defendant (6 reports);
- Defendant reporting to the police about Victim #1 (8 reports);
- Third-party reporting about Defendant (3 reports);
- Third-party reporting about Victim #1 (3 reports); and
- Victim #1 and/or Defendant reporting about third parties (10 reports).

Most of the police reports are custody disputes and neither victim #1 nor the Defendant were charged or convicted based on the facts underlying the report. The government does not intend to inquire as to any of the conduct described in these reports during its case-in-chief.[1] The government expects that defense will attempt to utilize some of these reports in cross-examination of Victim #1 in an attempt to impeach her. The Defendant should not be permitted to ask Victim #1 about these incidents or use the reports to impeach Victim #1 about past events. The reports themselves are hearsay and the alleged incidents contained therein are irrelevant to the current charges against the Defendant.

---

[1] There are two incidents in Akron, Ohio, that resulted in convictions of the Defendant. The government intends to offer evidence of those incidents as other acts evidence. (See Doc. 19: Notice of Other Acts, PageID 41-44).

## II. LAW AND ARGUMENT

A motion *in limine* refers to "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). The purpose of a motion *in limine* is to eliminate "evidence that is clearly inadmissible for any purpose" before trial. *Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). A district court rules on evidentiary motions *in limine* "to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999). The guiding principle is to "ensure evenhanded and expeditious management of trials." *Ind. Ins.*, 326 F. Supp. 2d at 846.

### A. Defendant should be precluded from using the police reports themselves or the information contained therein to impeach the witness's credibility.

Federal Rule of Evidence 608(a) provides that "a witness's credibility may be attacked or supported by testimony about the witness's reputation for having a character for truthfulness or untruthfulness, or by testimony in the form of an opinion about that character." However, rule 608(b) provides that "extrinsic evidence is not admissible to *prove specific instances of a witnesses conduct* in order to attack or support the witness's character for truthfulness." Fed. R. Evid. 608(b) (emphasis added). But, "the court may, on cross-examination, allow them to be inquired into if they are probative of [the witness's] character for truthfulness." *Id.*

The police reports themselves may not be used for any purpose because they are hearsay. *United States v. Ott*, 2000 U.S. App. LEXIS 22405, *12 (6th Cir. 2000) ("It is well-established that police reports are hearsay, and that in order to be admitted there must be a limited, non-hearsay purpose for their admission.") In this case, the police reports consist of hearsay statements made out of court and no exceptions would apply. Further, Fed. R. Evid. 608(b)

3

specifically prohibits the use of extrinsic evidence which would apply to the reports themselves or the calling of any witness concerning the events reported.

Defendant should also be prohibited from cross-examination of the victim concerning the fact that no charges were filed based upon these reports as some kind of evidence that they were false. Where a defendant's "evidence" that prior allegations are false consists of the fact that they were not prosecuted, courts have held that to be insufficient to show that the allegations were false. *United States v. Crow Eagle*, 705 F.3d 325, 329 (8th Cir. 2013). A finding by the Department of Children and Family Services that sexual assault allegations were "unfounded" was not sufficient proof that prior allegations were false. *Cookson v. Schwartz*, 556 F.3d 647, 655 (7th Cir. 2009). Even a criminal trial resulting in an "acquittal regarding the victim's prior allegation of sexual assault was not dispositive of the falsity of the allegation." *United States v. Erikson*, 76 M.J. 231 (2017).

The Defendant may argue that he should be permitted to at least inquire of Victim #1 regarding the truthfulness of any allegations made in those police reports, however, the government contends that would be highly prejudicial and not probative. In *United States v. Crowley*, 318 F.3d 401, 417-18 (2nd Cir. 2003), the Second Circuit held it was appropriate to preclude the inquiry all together when the only thing that would happen would be the question and the denial by the witness because "the prejudicial impact of the engendering speculation about the subject outweighed the minimal probative value of permitting the jury to evaluate [the witness's] demeanor during the questions and answer" because it would be more prejudicial than probative. *Id.* at 418.

One of the police reports involving a third-party complaint against Victim #1 contains an allegation of shoplifting and would equally run afoul of Fed. Evid. R. 608 and 609. In 2018,

4

Victim #1's former employer reported that Victim #1 had stolen money from the business and then returned it. Additionally, the employer reported that Victim #1 stole three items from the store. The police report indicates the crime investigated was "theft - shoplifting" which would be a misdemeanor, punishable by less than one year in prison. Victim #1 was never convicted of an offense and there is no report of an interview or statement taken from her. Fed. R. Evid. 609(a)(2) allows impeachment of a witness by way of a conviction of a crime punishable by less than one year if the court finds that it involves a dishonest act or false statement. There is no conviction so impeachment concerning this report would be precluded by Fed. R. Evid. 609. Fed. R. Evid. 608(b) allows for impeachment of a witness by questions of specific instances of the witness's conduct in order to attack the witness's character for truthfulness. The Defendant would have to show that the specific instance of misconduct involved deceit, and the Sixth Circuit "has adopted the position that theft and related crimes do not ordinarily amount to crimes of dishonesty or false statement." *See United States v. Washington*, 702 F.3d 886, 893 (6th Cir. 2012). For these reasons, the Defendant should be precluded from inquiring into the contents of this police report with Victim #1 on cross-examination as it would not be supported by Fed. R. Evid. 608 or 609. Further, this line of questioning would be highly prejudicial, minimally probative, and only serve to embarrass the witness.

For the foregoing reasons, the Defendant should be precluded from using the police reports or their contents in an attempt to impeach Victim #1 as it would be improper under Fed. R. Evid. 608, 609, and irrelevant.

### B. The Defendant should be prohibited from utilizing the contents of the police reports pursuant to Fed. R. Evid. 404(b) as any purported purpose would not be based in fact or probative of a material issue.

The Defendant may claim that he should be allowed to inquire into Victim #1's past accusations about the Defendant under Federal Rule of Evidence 404(b). "The threshold inquiry a court must make before admitting similar acts evidence under Rule 404(b) is whether that evidence is probative of a material issue other than character." *Huddleston v. United States*, 485 U.S. 681, 686 (1988). Defendant may argue that Victim #1's allegation that Defendant sent her threatening communications because of her cooperation with law enforcement is a part of a modus operandi where she makes false accusations against former boyfriends because of custody disputes. Even if this assertion was based in fact, it is highly questionable whether this is a sufficient justification to qualify for admission under rule 404(b). First, this assertion would not be based upon fact as the government has possession and will present the messages themselves. The government does not anticipate that the Defendant will dispute sending the messages. The only question at trial then is whether the jury finds the messages themselves constitute threats under the differing jury instructions for Obstruction of Justice and Interstate Communications. Moreover, in order to establish that Victim #1 had this modus operandi, Defendant would have to present relevant evidence that her previous allegations were in fact false. *See United States v. Mack*, 258 F.3d 548, 553 (6th Cir. 2001) (requiring sufficient evidence that the prior act occurred.). As of the date of this filing, the government has received no discovery from the Defendant, and as seen above, the fact that no charges were filed does not constitute "evidence."

Finally, should the Court allow the Defendant to inquire into past accusations made against the Defendant by Victim #1, the government believes that would open the door to the introduction of all allegations of past misconduct involving the Defendant and Victim #1.

For all of the foregoing reasons, the United States respectfully requests this Honorable Court grant its motion *in limine* and restrict the Defendant from cross-examining Victim #1 or admitting extrinsic evidence concerning uncharged allegations.

          Respectfully submitted,

          MICHELLE M. BAEPPLER
          First Assistant United States Attorney

By:   /s/ Brian S. Deckert
       Brian S. Deckert (OH: 0071220)
       Assistant United States Attorney
       United States Court House
       801 West Superior Avenue, Suite 400
       Cleveland, OH 44113
       (216) 622-3873
       (216) 685-2378(facsimile)
       Brian.Deckert@usdoj.gov